UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY BARBER,

    Plaintiff,                                    Civil Action No. 21-CV-10285

vs.

                                                    HON. BERNARD A. FRIEDMAN

22nd JUDICIAL DISTRICT COURT,

    Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

This matter is presently before the Court on plaintiff's application to proceed in forma pauperis [docket entry 2]. For the following reasons, the Court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it is frivolous and/or fails to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an in forma pauperis complaint if it

>  (i) is frivolous or malicious;
>  (ii) fails to state a claim on which relief may be granted; or
>  (iii) seeks monetary relief against a defendant who is immune from such
>  relief.

1

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios."  *Id.* at 327-28.  A complaint fails to state a claim upon which relief may be granted if, while viewing the facts in the light most favorable to plaintiff, the complaint lacks sufficient facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (1957).

In the present case, plaintiff raises three bases for federal question jurisdiction: "Cares Act," "Due Process," and "Fair Housing."  PageID.4.  Plaintiff provides a brief explanation in support of each purported jurisdictional basis.  For example, in support of plaintiff's fair housing claim, he writes "discriminatory methods of administration make appearing in public places unreasonably dangerous during COVID-19."  PageID.5.  Viewing the facts in the light most favorable to plaintiff, no plausible claim is stated on the face of the complaint.  The complaint lacks legal merit and fails to state a claim upon which relief can be granted.  Accordingly,

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis is granted.  The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

                                                    s/Bernard A. Friedman
                                                   Bernard A. Friedman
Dated: February 11, 2021          Senior United States District Judge
       Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 11, 2021.

| | |
|---|---|
| Larry Barber<br>1224 Adams St.<br>No. 2<br>Monroe, MI 48161 | s/Johnetta M. Curry-Williams<br>Case Manager |